## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9292 PA (AGRx) | Date | March 7, 2011 |
|---|---|---|---|
| Title | Jonah Ansell v. Daniel S. Laikin, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**   IN CHAMBERS - ORDER

Before the Court is a Motion to Appoint Lead Plaintiff filed by the Ansell Group. (Docket No. 4.) No party has filed an opposition to the Ansell Group's Motion, nor has any other individual or group moved for appointment as lead plaintiff. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for March 7, 2011 is vacated, and the matter taken off calendar.

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") the Court received a Motion to Appoint Lead Plaintiff filed by the Ansell Group. 15 U.S.C. § 78u-4(a)(3)(B). The Ansell Group consists of three individuals: Jonah Ansell, the named plaintiff who originally filed this action; Joseph Isaacs; and Michael Raspatello. The Complaint brings a class action for violations of section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j, alleging that defendants engaged in various acts to artificially inflate the stock price of National Lampoon, Inc. Due to the alleged fraud by defendants, the Ansell Group declares that it has suffered a total loss of $42,096.00. Specifically, Jonah Ansell claims to have suffered a loss of $19,292.00, Michael Raspatello claims to have suffered a loss of $19,292.00, and Joseph Isaacs claims to have suffered a loss of $3,512.00.

The PSLRA directs the court to "appoint as lead plaintiff the member or members of the purported class that the court determines to be the most capable of adequately representing the interest of the class members. . . ." 15 U.S.C. §78u-4(a)(3)(B)(i). Individuals seeking to be appointed lead plaintiff in a securities class action must satisfy the early notice requirement of the PSLRA by providing notice to class members via publication in a widely circulated national business-oriented publication or wire service within in 20 days of filing the complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). The notice must (1) advise class members of the pendency of the action, the claims asserted therein, and the purported class period, and (2) inform potential class members that, within 60 days of the date on which notice was published, any members of the purported class may move the court to serve as lead plaintiff in the purported class. 15 U.S.C. §78u-4(a)(3)(A)(i)(I)-(II). Proposed lead plaintiffs must also submit a sworn certification stating that he or she has reviewed the complaint, did not purchase the security at the direction of counsel for purposes of participating in a private action, is willing to serve as a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9292 PA (AGRx) | Date | March 7, 2011 |
|---|---|---|---|
| Title | Jonah Ansell v. Daniel S. Laikin, et al. | | |

representative on behalf of the class, and will not accept any payment for serving as a class representative beyond his or her pro rata share of the recovery. 15 U.S.C. § 78u-4(a)(2)(A). Furthermore, the sworn certification must also set forth all of the proposed lead plaintiff's transactions in the security during the class period, and identify any other securities class action during the past three years in which the individual has sought to serve as a class representative. Id. The Ansell Group has complied with the PSLRA's notice and certification requirements in this case.

The PSLRA provides a rebuttable presumption that the person or group of persons with the largest financial interest in the relief sought by the class is the plaintiff "most adequately" situated to represent the class as lead plaintiff, provided this person or group of persons otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb)-(cc). This presumption may be rebutted by evidence that the plaintiff would not fairly and adequately represent the interest of the class. 15 U.S.C. §78u-4(3)(B)(II)(aa).

The Ninth Circuit has described the appointment of a lead plaintiff in a case governed by the PSLRA as a three-step process:

> The Reform Act provides a simple three-step process for identifying the lead plaintiff pursuant to these criteria. The first step consists of publicizing the pendency of the action, the claims made and the purported class period. 15 U.S.C. § 78u-4(a)(3(A).
>
> . . .
>
> In step two, the district court must consider the losses allegedly suffered by the various plaintiffs before selecting as the "presumptively most adequate plaintiff"—and hence the presumptive lead plaintiff—the one who "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4)a)(3)(B)(iii)(I).
>
> . . .
>
> The third step of the process is to give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements.

In re Cavanaugh, 306 F.3d 726, 729-30 (9th Cir. 2002).

The Ansell Group is the only group vying to be appointed lead plaintiff. The PSLRA specifically provides for the possibility that a "group of persons" may be appointed as the lead plaintiff. A group may serve as the lead plaintiff even if its members had no previous relationship, so long as the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9292 PA (AGRx) | Date | March 7, 2011 |
|---|---|---|---|
| Title | Jonah Ansell v. Daniel S. Laikin, et al. | | |

group is small enough to "engage in coordinated decision-making" and can "effectively manage the litigation and direct lead counsel." Ferrari v. Gisch, 225 F.R.D. 599, 608-09 (C.D. Cal. 2004). Although the members of the Ansell Group do not have any previous relationship, the Court is convinced that three is a small enough number that will allow for coordinated decision-making. See Petrie v. Elec. Game Card, Inc., No. SACV 10-0252 DOC (RNBX), 2010 WL 2292288 at *2 (C.D. Cal. June 4, 2010) (appointing a group of three individuals, one of whom was previously unrelated to the other two); Ferrari, 225 F.R.D. at 609 (appointing a group of three previously unrelated investors, since three is a "manageable number"); In re First Union Corp. Secs. Litig., 157 F. Supp. 2d 638, 643 (W.D.N.C. 2000) (appointing a group of four previously unrelated investors as lead plaintiff). Moreover, the Court notes that two members of the group – Ansell and Raspatello – have the largest financial interest out of any investors willing to serve as the lead plaintiff, and would have been deemed the most "adequate" lead plaintiff had they sought to be appointed individually.

The Ansell Group appears, at least preliminarily, to satisfy the Rule 23 typicality and adequacy requirements. Therefore, consistent with the procedure established in In re Cavanaugh, the Court finds that the Ansell Group is the presumptive lead plaintiff. Any member of the purported plaintiff class wishing to challenge the Ansell Group's appointment as lead plaintiff must file an opposition to the Ansell Group's appointment no later than March 21, 2011. The Ansell Group may file a reply in support of its appointment no later than March 28, 2011.

Until the Court approves a lead plaintiff, it is premature to approve the Ansell Group's choice of lead counsel. The Court therefore declines to appoint the Ansell Group's choice of lead counsel at this point. Once the issue of lead plaintiff is conclusively resolved, the court will determine the issue of lead counsel.

IT IS SO ORDERED.