Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
333 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Tel.: (213) 785-2610
Fax: (213) 226-4684
Email: lrosen@rosenlegal.com

[Proposed] Co-Lead Counsel for Plaintiff and the Class

[Additional Counsel Appear on Signature Page]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JONAH ANSELL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL S. LAIKIN, TIMOTHY S. DURHAM, PAUL SKJODT, ROBERT LEVY, JAMES P. JIMIRRO, DUNCAN MURRAY, JAMES TOLL, LORRAINE EVANOFF, and NATIONAL LAMPOON, INC.,<br><br>Defendants. | No. 10-CV-09292 PA (AGRx)<br><br>**RESPONSE TO ORDER TO SHOW CAUSE RE: DISMISSAL FOR LACK OF PROSECUTION**<br><br><u>CLASS ACTION</u><br><br>JUDGE: Hon. Percy Anderson |

0

Lead Plaintiff Movants Jonah Ansell, Joseph Isaacs, and Michael Raspatello ("Movant" or the "Ansell Group") respectfully submit response to the Order to Show Cause Re: Dismissal for Lack of Prosecution, docket no. 9. For the reasons set forth below, the Court should not dismiss this action for lack of prosecution for not serving the defendants within the time prescribed in FRCP 4(m) and permit Plaintiffs to complete service of the summons and complaint on the remaining two defendants on or before May 11, 2011.

## BACKGROUND

1. This putative class action was commenced on December 3, 2010 by named plaintiff Jonah Ansell asserting claims under Section 10(b) and 20(a) against the current former officers, directors and control persons of defendant National Lampoon, Inc.[1] in connection with an illegal stock manipulation scheme.

2. In connection with the unlawful manipulation scheme, defendant Laikin plead guilty to conspiracy to commit securities fraud, in violation of 18 U.S.C. §371, 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. §240.10b-5. On September 10, 2010, he was sentenced to the 45 months term of imprisonment, three years of supervised released, and ordered to pay a fine of $100,000. *See* Docket no. 150, *USA v. Laikin, et al.*, No. 2:08-CR-00733-JHS-1 (E.D. Pa.).

---

[1] The individual defendants are: (a) Daniel S. Laikin, the former director, CEO and President of National Lampoon; (b) Timothy S. Durham, Company director and former CEO and Chairman and large shareholder of National Lampoon; (c) Paul Skjodt, a former Company Director and a large shareholder; (d) Robert Levy, a Company director; (e) James P. Jimirro, the Company's Chairman; (f) Duncan Murray, a Company Director; (g) James Toll, a Company Director; and (h) Lorraine Evanoff, a Company CFO.

1

**A. Defendants Have Long Been on Actual Notice of this Lawsuit**

3. Prior to the filing of the this action, Plaintiffs' counsel provided a copy of the draft complaint to counsel for defendants in the related derivative action that was filed in Superior Court for the County of Los Angeles, entitled *Scott Merz v. Daniel Laikin et al.*, BC 408377 (the "Derivative Action."). *See* Declaration of Laurence Rosen, filed herewith ("Rosen Decl."), ¶ 2.

4. Other than defendant Lorraine Evanoff, the defendants in this action were also Defendants in the Derivative Action.

5. Defendants in the Derivative Action were represented by the following counsel: (a) National Lampoon represented by Addison K. Adams, Esq. of Richardson & Patel, LLP; (b) Laikin, represented by Jeremy J. Osher of Bore Osher & Luftman LLP; and (c) Durham, Skjodt, Jimirro, Murray and Toll represented by Brian A. Kilpatrick, Esq. of Jackson Walker, LLP (collectively "Defense Counsel") Rosen Decl., ¶3.

6. On March 11, 2011, the Derivative Action was voluntarily dismissed without prejudice. Rosen Decl., Ex. 1.

7. During the period when both the Derivative Action and this action were pending, defendants were on notice of this case through various communications Plaintiffs' counsel had with Defense Counsel. *See* Rosen Decl., ¶ 4.

8. On December 3, 2010 (the same day this action was filed), Plaintiffs' counsel issued an early notice of the action which was electronically disseminated through the NASDAQ OMX Globe Newswire service. *See* Docket no. 6-1; 15 U.S.C. § 77u-4(a)(3)(i).

9. On February 7, 2011, movants Jonah Ansell, Joseph Isaacs, and Michael Raspatello (collectively the "Ansell Group") timely filed a motion to be

appointed lead plaintiff and for approval of their selection of co-lead counsel. The hearing on the motion was noticed for March 7, 2011 at 1:30 p.m. Docket no. 4.

10. On February 16, 2011 notice of lawsuit and waiver packages were sent via first class mail sent to Defense Counsel. Rosen Decl., ¶ 5.

11. On March 1, 2011 the Ansell Group filed a notice of non-opposition to its lead plaintiff motion. Docket no. 7.

12. On March 7, 2011 the Court issued a minute order, finding that the Ansell Group preliminarily appears to satisfy the pertinent requirements for Rule 23 for appointment as lead plaintiff. The Court however, permitted other members of the putative class "wishing to challenge the Ansell Group's appointment as lead plaintiff must file an opposition to the Ansell Group's appointment no later than March 21, 2011." The Court also permitted the Ansell Group to file a reply to any such challenges no later than March 28, 2011. Docket no. 8. No reply was submitted because no objections were made by putative class members to the Ansell Group's motion.

13. On March 20, 2011 Plaintiffs' Counsel received a letter from counsel for defendants Durham, Skjodt, Levy, Jimirro, Murray and Toll, returning the notice of lawsuit and waiver package and indicating that he did not have authority to accept service for any of the Defendants. Rosen Decl., Ex. 2.

14. Plaintiffs' counsel did not receive a response from counsel for defendants Laikin or National Lampoon. Rosen Decl., ¶6.

15. On April 12, 2011, the Court issued the show cause order because the complaint had not been served been served within the 120 day period required by Rule 4(m). The 120 day period ran on April 4, 2011.

**B. To Date, Plaintiffs Have Served All But Two Defendants; Both of Whom are in the Process of Being Served**

16. On April 13, 2011, defendant National Lampoon was served the summons and complaint. Docket no. 10.

17. On April 20, 2011, defendant Skjodt was served with the summons and complaint. Docket no. 11.

18. On April 21, 2011, defendant Jimirro was served with the summons and complaint. Docket no. 12.

19. On April 25, 2011, defendant Evanoff was served with the summons and complaint. Docket no. 13.

20. On April 25, 2011, defendant Murray was served with the summons and complaint. Docket no. 14.

21. On April 26, 2011, defendant Durham was served with the summons and complaint. Docket no. 15.

22. On April 26, 2011, defendant Levy was served with the summons and complaint. Docket no. 16.

23. To date, only two defendants have not been served with the Summons and Complaint, Laikin and Toll.

    (a) <u>Laikin</u>: On April 18, 2011, Plaintiffs counsel sent via Fedex the summons, complaint, proof of service, return postage-paid envelope and request for service to Dale Patrick, at the Inmate Grievance Office of the Taft Correctional Institution. *See* Rosen Decl., ¶ 7. On April 25, 2011, Mr. Patrick confirmed that his office received the request and is in the process of serving Laikin. Rosen Decl., ¶7. Upon completion of service, the facility will mail the proof of service to Plaintiffs' counsel. Upon receipt, Plaintiffs' counsel will file the proof of service with the Court.

(b)     Toll: The process server has attempted to serve Toll on three different occasions at Toll's residence on April 22, 2011, April 23, 2011, and April 24, 2011. *See* Rosen Decl., Ex. 3. On one occasion, the process server could hear individuals inside the residence, but the persons did not answer the door. *Id.* Plaintiffs will continue to attempt to serve Mr. Toll personally or through substituted service.

24.     Because Plaintiffs have acted in good faith, Defendants have long been on actual notice of the lawsuit, Plaintiffs may be prejudiced through potential statute of limitations issues arising from dismissal without prejudice, and there is no undue prejudice to Defendants, the Court should not dismiss this action and extend Plaintiffs' time to serve the defendants to May 11, 2011, *nunc pro tunc.*

## ARGUMENT

### A. The Court Should Extend Plaintiffs' Time to Serve Defendants *Nunc Pro Tunc*

"Rule 4(m) requires a two-step analysis in deciding whether or not to extend the prescribed time period for service of the complaint." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). [2] First, upon showing of "good cause" the Court must extend the period. *Id.* "Good cause" means excusable neglect. *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). In considering

---

[2] Rule 4(m) provides:
   If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

5

excusable neglect, the Court should consider whether: (a) the party to be served received actual notice of the lawsuit; (b) the party to be served would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed. *Id.*

Second, if good cause is absent, "the court has the discretion to dismiss without prejudice or to extend the time period." *Id.* This Court has "broad discretion to extend time for service under Rule 4(m)." *Efaw v. Williams,* 473 F.3d 1038, 1041 (9th Cir. 2007) (120 period "operates not as an outer limit subject to reduction, but as an irreducible allowance.") In making its extension decision a district court should consider the following factors, "statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Efaw*, 473 F.3d at 1041.

Here, either under the good cause standard or under the Court's discretionary authority, the Court should extend the Rule 4(m) deadline from April 4, 2011 to May 11, 2011.

First, at all relevant times defendants were on actual notice of the lawsuit. Prior to the filing of this case, Plaintiffs' counsel provided a copy of the draft complaint to defense counsel. Rosen Decl., ¶ 2. Plaintiffs' counsel also had communications with Defense Counsel about this case during the time when this case and the Derivative Action were both pending. *Id.*, at ¶ 4. Moreover, the day the action was commenced, on December 3, 2010 Plaintiffs disseminated over the financial newswires an early notice of the action. Defendants were also on notice through the mailing of the waiver forms to their counsel on February 16, 2011. Therefore, these facts demonstrate that defendants had actual notice of the lawsuit.

1  Second, defendants do not suffer any undue prejudice from the delayed service: (a) National Lampoon served on April 13, 2011, 9 day delay; (b) Skjodt served on April 20, 2011, 16 day delay; (c) Jimirro served on April 21, 2011, 17 day delay; (d) Evanoff and Murray served on April 25, 2011, 21 day delay; and (e) Durham and Levy served on April 26, 2011 a 22 day delay.

Defendant Laikin is in the process of being served by the staff at the Taft Correctional Institution. Rosen Decl., ¶¶ 7-8. Defendant Toll appears to be evading service (Rosen Decl., Ex. 3), and at the current time, Plaintiffs' will continue to attempt to effect service on him and are exploring other means and locations for his serving him.

Third, memories are not likely to fade nor will evidence be lost. National Lampoon and Laikin are parties to an ongoing related SEC civil action asserting securities fraud claims (*See* Complaint Ex. 3). Also, there were related criminal proceedings that involved Laikin. Therefore, evidence has been preserved and the parties and witness accounts have been memorialized. *See Nealey v. Transportation Maritima Mexican, S.A.*, 662 F.2d 1275, 1281 (9th Cir. 1980) (in the context of dismissal for failure to prosecute: "Prejudice itself usually takes two forms-loss of evidence and loss of memory by witness. … Not every loss, and particularly not every loss of memory will prejudice the defense of a case… evidentiary doctrines of 'past recollection refreshed' and 'present recollection recorded' exemplify how insignificant memory loss can be.").

Fourth, dismissal of this action without prejudice may severely prejudice the Plaintiffs and the putative class because the Plaintiffs' claims may then be barred by the statute of limitations. The statute of limitations for a Section 10(b) claim is not later than the earlier of 2 years from the discovery of the facts constituting the violation or 5 years from such violation. 28 U.S.C. §1658;

1  *Merck & Co, Inc. v. Reynolds*, 130 S.Ct. 1784, 1790 (2010). If the action is dismissed without prejudice and re-filed, the statute of limitations may needlessly become a major focus of the litigation, as the Complaint was filed on December 3, 2010, within two years of the December 15, 2008 when SEC Complaint was filed and when the criminal indictment against Laikin was unsealed.

<u>Lastly</u>, this action should be adjudicated on the merits in light of the serious allegations in this case. While a number of regulatory and criminal actions have been instituted and in some instances adjudicated, innocent shareholders who lost their investment in National Lampoon stock have not been compensated and lost nearly their entire investment.

### B. The Court Should Not Dismiss this Action for Lack of Prosecution

"When considering whether to dismiss a case for lack of prosecution, the district court must weigh the court's need to manage its docket, the public interest in expeditious resolution of litigation, and the risk of prejudice to the defendants against the policy of favoring disposition of cases on their merits, and the availability of less drastic sanctions." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (citing cases). Only an "unreasonable" delay will support a dismissal for lack of prosecution. *Id.* (citing *Nealey*, 662 F.2d at 1280). Whether "actual prejudice" exists may be an important factor whether a given delay is unreasonable. *Id.* In assessing the considerations, the Ninth Circuit has cautioned that "[i]t is important to remember, however, that there is a competing concern at stake-specifically, the interest in disposing cases on their merits." *Nealey,* 662 F.2d at 1280.

As discussed above, there is no actual prejudice to Defendants from the delay in serving them with the summons and complaint. Defendants have had

8

actual notice of this lawsuit even before the inception of the action and continuing thereafter, and there is no evidence that Plaintiffs have willfully acted to delay this action.

Additionally, the expeditious resolution of this matter has not been materially impacted had defendants been served within the Rule 4(m) period. The PSLRA contemplates the appointment of lead plaintiff and lead counsel at the earliest stages of the litigation so that the lead plaintiff and lead counsel can move the case forward and bind the putative class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(I) (a court should consider a lead plaintiff motion not later than ninety days from the date of the early notice, here March 3, 2011). That is why courts have traditionally refrained from ruling on motions to dismiss prior the appointment of lead plaintiff and lead counsel, and plaintiffs and defendants often stipulate that defendants need not respond to the initial compliant until after lead plaintiff is appointed. *See e.g.*, *Chau v. Intrepid Potash*, 2009 WL 902408 at * 2 (D. Colo. Apr. 1, 2009) ("Irrespective of whether, as defendants contend, the Court has the power to entertain the motions to dismiss prior to the appointment of a lead plaintiff under the PSLRA, such a tack is not prudent here. I find the interests of efficiency and the orderly administration of this case militate in favor of postponing the motions to dismiss.").

Under these circumstances, the Court should not dismiss this action for lack of prosecution for failing to timely effect service on the Defendants.

## CONCLUSION

For the aforementioned reasons, the Court should not dismiss this action for lack of prosecution for not serving the defendants within the time prescribed in FRCP 4(m) and permit Plaintiffs to complete service of the summons and complaint on the remaining two defendants on or before May 11, 2011.

Dated: April 26, 2011

Respectfully submitted,

 /s/ Laurence Rosen, Esq.
Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
333 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Tel.: (213) 785-2610
Fax: (213) 226-4684
Email: lrosen@rosenlegal.com

-and-

Seth D. Rigrodsky, Esq.
**RIGRODSKY & LONG, P.A.**
919 North Market Street, Suite 980
Wilmington, DE 19801
Tel.:  (302) 295-5310
Fax:  (302) 654-7530
Email: sdr@rigrodskylong.com

[Proposed] Co-Lead Counsel for Plaintiff and the Class

## CERTIFICATE OF SERVICE

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of the Rosen Law Firm, P.A., with offices at 333 South Grand Avenue, 25th Floor, Los Angeles, CA 90071.  I am over the age of eighteen.

On April 26, 2011, I electronically filed the following **RESPONSE TO ORDER TO SHOW CAUSE RE: DISMISSAL FOR LACK OF PROSECUTION** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on April 26, 2011

/s/ Laurence Rosen
Laurence M. Rosen