Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
333 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Tel.: (213) 785-2610
Fax: (213) 226-4684
Email: lrosen@rosenlegal.com

Lead Counsel for Lead Plaintiffs and the Class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JONAH ANSELL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL S. LAIKIN, TIMOTHY S. DURHAM, PAUL SKJODT, ROBERT LEVY, JAMES P. JIMIRRO, DUNCAN MURRAY, JAMES TOLL, LORRAINE EVANOFF, and NATIONAL LAMPOON, INC.,<br><br>Defendants. | No.  10-CV-09292 PA (AGRx)<br><br>CLASS ACTION<br><br>**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO DEFENDANT LAIKIN'S MOTION TO DISMISS THE COMPLAINT**<br><br>Hearing:<br>Date:     August 1, 2011<br>Time:    1:30 p.m.<br>Dept.:    15<br>Judge:   Hon. Percy Anderson |

Pursuant to Federal Rule of Evidence 201 Plaintiff hereby respectfully request that the Court take judicial notice of the attached exhibits in connection with their memoranda of law in opposition to Defendant Laikin's motion to dismiss the Complaint.

Under the incorporation by reference doctrine, a court may consider on a Rule 12(b)(6) motion documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." *In re Silicon Graphics Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (internal citation omitted); *In re Portal Software, Inc. Sec. Litig.*, LEXIS 20214, *12 (N.D. Cal. Aug. 10, 2005) ("courts are specifically authorized, in connection with a motion to dismiss a securities fraud complaint, to consider documents and filings described in the complaint under the incorporation by reference doctrine").

In addition, Federal Rule of Evidence 201 allows a court to take judicial notice of facts that are "not subject to reasonable dispute in that [they are] either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

It is also well established in the Ninth Circuit that courts may take judicial notice of the record in court proceedings. Fed.R.Evid. 201(b)(2), (c); *see also, e.g., Papai v. Harbor Tug & Barge Co.*, 67 F.3d 203, 207 n. 5 (9th Cir. 1995) (upholding judicial notice of orders and decisions by other courts), *rev'd on other grounds*, 520 U.S. 548 (1996); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (holding courts may take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"); *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1388, n.9 (9th Cir.

1

Plaintiff's Request for Judicial Notice in Opposition to Defendant Laikin's Motion to Dismiss Complaint
No. 10-CV-09292 PA (AGRx)

1987), *cert. denied*, 486 U.S. 1040 (1988) (determining courts may take judicial notice of contents in court files in other lawsuits); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.1986) (finding courts may take judicial notice of matters of public record outside pleadings).

Furthermore, the Court may properly consider facts subject to judicial notice without converting a motion to dismiss into a motion for summary judgment. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

This Court should take judicial notice of the following documents attached as an exhibit to the Declaration of Laurence Rosen, filed herewith, because they are incorporated by reference into the Complaint and/or judicially noticeable under Federal Rule of Evidence 201:

1. Exhibit 1: A true and correct copy of the final consent judgment entered against Defendant Laikin in *SEC v. National Lampoon, Inc.*, C.A. No. 08-5790 (PBT) (E.D. Pa.), Doc. 34 (Ex. A);

2. Exhibit 2: A certified copy of the relevant portions of the transcript of the change of plea hearing in the matter *U.S. v. Laikin, et al.*, No. 2:08-cr-00733-JHS-1 (E.D. Pa. Sept. 23, 2009).

Dated: July 11, 2011        Respectfully submitted,

     /s/ Laurence Rosen, Esq.
Laurence M. Rosen, Esq. (SBN 219683)

**THE ROSEN LAW FIRM, P.A.**
333 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Tel.: (213) 785-2610
Fax: (213) 226-4684
Email: lrosen@rosenlegal.com

Lead Counsel for Lead Plaintiffs and the Class

2

Plaintiff's Request for Judicial Notice in Opposition to Defendant Laikin's Motion to Dismiss Complaint
No. 10-CV-09292 PA (AGRx)

# CERTIFICATE OF SERVICE

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of the Rosen Law Firm, P.A., with offices at 333 South Grand Avenue, 25th Floor, Los Angeles, CA 90071. I am over the age of eighteen.

On July 11, 2011, I electronically filed the following **PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO DEFENDANT LAIKIN'S MOTION TO DISMISS THE COMPLAINT** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on July 11, 2011

/s/ Laurence Rosen
Laurence M. Rosen

3

Plaintiff's Request for Judicial Notice in Opposition to Defendant Laikin's Motion to Dismiss Complaint
No. 10-CV-09292 PA (AGRx)