Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
333 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Lead Counsel for Plaintiffs and Class

*Additional counsel listed on signature pages*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| JONAH ANSELL, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br> DANIEL S. LAIKIN; TIMOTHY S. DURHANM; PAUL SKJODT; ROBERT LEVY; JAMES P. JIMIRRO; DUNCAN MURRAY; JAMES TOLL; LORRAINE EVANOFF; and NATIONAL LAMPOON, INC., <br><br> Defendants. | Case No.: 10-CV-9292-PA(AGRx) <br><br> CLASS ACTION <br><br> **JOINT RULE 26(f) REPORT** <br><br> Hon. Percy Anderson |

In accordance with Federal Rule of Civil Procedure 26(f) and this Court's Order Setting Scheduling Conference ("Rule 26(f) Order"), counsel for Plaintiffs and the undersigned defendants ("Defendants") have conferred and hereby jointly submit this Rule 26(f) Report.

1

## I. ATTORNEYS OF RECORD

Plaintiffs' Lead Counsel is The Rosen Law Firm, P.A.

Defendants Daniel S. Laikin ("Laikin") is represented by Boren, Osher & Luftman, LLP.

Defendant National Lampoon, Inc., is represented by Richardson & Patel LLP.

Defendant Timothy S. Durham ("Durham"), Paul Skjodt ("Skjodt"), Robert Levy ("Levy"), James P. Jimirro ("Jimirro"), Duncan Murray ("Murray"), James Toll ("Toll"), and Lorraine Evanoff ("Evanoff") are represented by Ropers, Majeski, Kohn & Bentley.

## II. STATEMENT OF THE CASE

Plaintiffs' statement: This is a putative class action for alleged violations of the Securities Exchange Act of 1934 ("Exchange Act") and SEC Rule 10b-5 brought on behalf of all persons and entities, other than defendants, who purchased securities of National Lampoon between March 1, 2008, and December 15, 2006, inclusive. Defendant Laikin, National Lampoon's CEO, President, and one of its directors, masterminded a scheme illegally to manipulate National Lampoon's stock price to create the illusion of an active and liquid market in the National Lampoon's shares. Defendant Laikin has pleaded guilty to criminal charges for his participation in the scheme and is currently in prison. The other individual defendants were participants in the scheme, or had a duty to investigate and did not, and that National Lampoon is liable under principles of *respondeat superior*. The purpose of the scheme was to avoid removal from the American Stock Exchange, and to acquire other companies. On this basis, Plaintiffs pursue claims against all the defendants in this action for their alleged participation in the scheme. Plaintiffs also assert claims under Section 20(a) of the Exchange Act

2

against the Individual Defendants as controlling persons. If Plaintiffs prevail on their claims, Plaintiffs believe that provable damages may include damages suffered by putative class members in addition to Plaintiffs' attorneys' fees and costs and expenses. Plaintiffs believe that the total recoverable damages is in the millions of dollars.

Defendants Durham, Skjodt, Levy, Jimirro, Murray, Toll, and Evanoff's statement ("the Director Defendants"): The Director Defendants deny any knowledge of or reason to know of the alleged wrongdoing, deny any knowledge of or reason to know of the alleged false statements, and deny that they are "controlling persons" under Section 20(a). Plaintiffs allege that the Director Defendants had knowledge and are controlling persons, but have no facts to back up those allegations.

Defendant National Lampoon, Inc.'s ("National Lampoon) statement: National Lampoon denies any knowledge of the alleged wrongdoing, denies that Laikin acted within the scope of his employment, and denies that Laikin acted to advance the interests of National Lampoon.

Defendant Daniel Laikin's statement: Defendant Dan Laikin denies that any of the conduct alleged by Plaintiff on behalf of the class was the proximate cause of Plaintiff's damages, if any, which Defendant expressly denies.

## III. PRINCIPAL ISSUES

1. Whether defendants Laikin, Durham, and Evanoff participated in an illegal scheme to manipulate the price of National Lampoon's common stock.

2.      Whether the Complaint is a "puzzle-style" pleading.

3.      Whether defendants Skjodt, Levy, Jimirro, Murray, Toll, and Evanoff had actual knowledge of the scheme, or were reckless in not knowing of the scheme, creating for them a duty to investigate the scheme.

5.      Whether the revelation of the alleged misstatements and omissions caused a decline in the price of National Lampoon's stock.

6.      Whether Plaintiffs are entitled to a presumption of reliance under *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972).

7.      Whether defendants Laikin, Durham, Evanoff, Skjodt, Levy, Jimirro, Murray, and Toll are "controlling persons" within the meaning of Section 20(a) of the Exchange Act, and whether such defendants acted in good faith.

8.      Whether the putative class and Lead Plaintiff satisfy the requirements for class certification under Federal Rule of Civil Procedure 23.

9.      Whether Laikin acted within the scope of his employment.

10.     Whether Laikin acted to advance the interests of National Lampoon.

11.     The amount of damages, if any, suffered by the putative class as a result of the alleged misstatements and omissions.

12.     The proportionate liability, if any, of each defendant.

## IV.   **AMENDING THE PLEADINGS**

Plaintiffs may seek to amend the Complaint should the Court grant the motion to dismiss filed by defendant Laikin.  Additionally, Plaintiffs may seek to amend the pleadings to add additional defendants following initial document discovery.  Therefore, Plaintiffs request that the Court set the date for motions to join parties or for leave to amend to add additional parties as no later than 120 days from the commencement of discovery.

## V.   **ANTICIPATED MOTIONS**

1.    <u>Motion to Dismiss</u>: Defendant Laikin has filed a motion to dismiss, and the motion will be heard on August 2, 2011. (Dkt. #35, 42).

2.    <u>Class Certification</u>:  Plaintiffs intend to move for class certification on or before January 31, 2012.

3.    <u>Summary Judgment</u>: Plaintiffs and Defendants anticipate filing separate motions for summary judgment and/or summary adjudication after the expert discovery cut-off date.  The Director Defendants and National Lampoon may file a motion for summary judgment much earlier.

## VI.   <u>SETTLEMENT</u>

Plaintiffs and Defendants have not engaged in settlement discussions to date.  To the extent that Plaintiffs and Defendants are unable to resolve this litigation through negotiations by counsel,  Plaintiffs and Defendants select settlement procedure no. 3 set forth in local rule 16-15.4 (*i.e.*, non-judicial dispute resolution).  Plaintiffs and Defendants have not yet agreed on a neutral mediator to conduct the proceeding.

## VII.  <u>PROPOSED DISCOVERY PLAN</u>

### A.    Initial Disclosures

Plaintiffs propose that initial disclosures should be exchanged by September 30, 2011.

### B.    Discovery Schedule And Limits

1.    Plaintiffs propose the following schedule:

| | |
|---|---|
| Discovery begins: | September 15, 2011 |
| Plaintiffs' class certification motion: | January 31, 2012 |
| Opposition to class certification: | March 5, 2011 |
| Reply brief on class certification: | March 20, 2012 |
| Class certification hearing: | April 2, 2012 |

| | |
|---|---|
| Fact discovery cut off: | August 31, 2012 |
| Plaintiffs' expert report: | October 26, 2012 |
| Discovery motion filing deadline: | November 16, 2012 |
| Defendants' expert report(s) | November 30, 2012 |
| Expert discovery cut off: | January 14, 2013 |
| Dispositive motion hearing: | April 22, 2013 |
| Pretrial conference: | May 27, 2013 |
| Trial: | June 11, 2013 |

Plaintiffs and Defendants reserve the right to seek from each other or the Court additional adjournments or extensions of the applicable foregoing deadlines.

### C.   Electronic Discovery

Plaintiffs and Defendants will discuss the format of retrieving any electronically stored information.

### D.   Privilege Issues

Plaintiffs and Defendants will propose a joint protective order for submission to the Court  shortly.

### E.   Changes in Discovery Limitations

Plaintiffs and Defendants do not anticipate modifications to the discovery limitations contained in the Rules.

## VIII.  TRIAL

Plaintiffs have requested a jury trial.  Plaintiffs estimate length of trial for both parties will be 6 days, excluding jury selection, opening statements and closing arguments.

Defendants do not believe that a 6 day trial is feasible, and believe that a longer trial will likely be necessary.

Dated:        July 25, 2011        Respectfully submitted,


THE ROSEN LAW FIRM, P.A.

   /s Laurence Rosen
Laurence M. Rosen (SBN # 219683)
THE ROSEN LAW FIRM, P.A.
333 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com


*Lead Counsel for Plaintiffs and Class*


Dated: July 25, 2011        RICHARDSON & PATEL LLP


By:   /s/ Addison K. Adams
ADDISON K. ADAMS
*Attorneys for Defendant*
*National Lampoon, Inc.*

Dated:   July 25, 2011        ROPERS, MAJESKI, KOHN & BENTLEY


By:     */S/ Timothy L. Skelton*
TODD A. ROBERTS
TIMOTHY L. SKELTON
*Attorneys for Defendants*
*Timothy S. Durham, Paul Skjodt,*
*Robert Levy, James P. Jimirro,*
*Duncan Murray, James Toll, and*
*Lorraine Evanoff*

Dated: July 26, 2011                    BOREN, OSHER & LUFTMAN,
                                        LLP


                                        By: /s/ Jeremy J. Osher
                                        Jeremy J. Osher
                                        *Attorneys for Defendant Daniel S.*
                                        *Laikin*

JOINT RULE 26(f) REPORT-- Case No.: 10-CV-9292-PA(AGRx)