1   Jeremy J. Osher (State Bar No. 192109)
    Jennifer Laser (State Bar No. 192700)
2   Stephen Z. Boren (State Bar No. 192024)
    **BOREN, OSHER & LUFTMAN, LLP**
3   5900 Wilshire Boulevard, Suite 920
    Los Angeles, California  90036
4   Telephone:  (323) 937-9900
    Facsimile:   (323) 937-9910
5
    Attorneys for Defendant
6   DANIEL S. LAIKIN

7

8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11

12  JONAH ANSELL, individually      )   **CASE NO.:  CV10 9292**
    and on behalf of all others     )   **PA(AGRx)**
13  similarly situated,             )
                                    )   **CLASS ACTION**
14              Plaintiff,          )
                                    )   **DEFENDANT     DANIEL     S.**
15  vs.                             )   **LAIKIN'S      ANSWER      TO**
                                    )   **COMPLAINT  FOR  VIOLATION**
16  DANIEL S. LAIKIN;               )   **OF    FEDERAL    SECURITIES**
    TIMOTHY S. DURHAM; PAUL         )   **LAWS**
17  SKJODT; ROBERT LEVY;            )
    JAMES P. JIMIRRO; DUNCAN        )
18  MURRAY; JAMES TOLL;             )
    LORRAINE EVANOFF; and           )   Complaint Filed:  December 3, 2010
19  NATIONAL LAMPOON, INC.,         )
                                    )
20              Defendants.         )
                                    )
21                                  )
                                    )
22                                  )
                                    )
23  ─────────────────────          )

24

25

26

27

28

1    Defendant Daniel S. Laikin ("Laikin") answers Plaintiff's Complaint for
2    Violation of Federal Securities Laws (the "Complaint") as follows:

3        1.    Answering paragraph 1 of the Complaint, Laikin admits that Plaintiff
4    purports to bring a federal securities class action on behalf of certain alleged
5    purchasers of National Lampoon stock.  Except as expressly admitted, Laikin
6    denies all allegations in paragraph 1.

7        2.    Answering paragraph 2 of the Complaint, Laikin denies all
8    allegations in paragraph 2, and further denies the allegations to the extent they
9    contain legal conclusions, to which no response is required.

10       3.    Answering paragraph 3 of the Complaint, Laikin admits that Plaintiff
11   purports to invoke the jurisdiction of this Court as described in paragraph 3.
12   Except as expressly admitted, Laikin denies all allegations in paragraph 3, and
13   further denies the allegations to the extent they contain legal conclusions, to which
14   no response is required.

15       4.    Answering paragraph 4 of the Complaint, Laikin admits that Plaintiff
16   purports to assert venue in this District as described in paragraph 4.  Except as
17   expressly admitted, Laikin denies all allegations in paragraph 4, and further denies
18   the allegations to the extent they contain legal conclusions, to which no response
19   is required.

20       5.    Answering paragraph 5 of the Complaint, Laikin is without
21   knowledge or information sufficient to form a belief as to the truth of the
22   allegations in that paragraph, and denies all allegations in paragraph 5 on that
23   basis.

24       6.    Answering paragraph 6 of the Complaint, Laikin admits that plaintiff
25   purports to have purchased National Lampoon stock.  Except as expressly
26   admitted, Laikin is without knowledge or information sufficient to form a belief as
27   to the truth of the allegations in that paragraph, and denies all allegations in
28   paragraph 6 on that basis.

D. LAIKIN  ANSWER TO COMPLAINT
CASE NO. CV10 -09292-PA-AGR

7.      Answering paragraph 7 of the Complaint, Laikin admits the allegations in paragraph 7.

8.      Answering paragraph 8 of the Complaint, upon information and belief, Laikin admits that Laikin became a director of National Lampoon on or about January 13, 2000, served as National Lampoon's President and CEO from about February 1, 2005 through about December 17, 2008, and served as National Lampoon's COO from about May 17, 2002 until February 1, 2005. Laikin further admits that he is currently serving a prison sentence in the U.S. Bureau of Prisons, Taft Correctional Institution in Taft, CA. Except as expressly admitted, Laikin is without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph.

9.      Answering paragraph 9 of the Complaint, upon information and belief, Laikin admits that Durham has been a director of National Lampoon since May 2002, and became President and CEO of National Lampoon upon the resignation of Laikin from those positions. Except as expressly admitted, Laikin is without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph.

10.      Answering paragraph 10 of the Complaint, upon information and belief, Laikin admits that Skjodt served as a member of the National Lampoon board of directors from May 2002 through December 19, 2008. Except as expressly admitted, Laikin is without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph.

11.      Answering paragraph 11 of the Complaint, upon information and belief, Laikin admits that Levy has served as a member of the National Lampoon board of directors since about September 13, 2006. Except as expressly admitted, Laikin is without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph.

12.      Answering paragraph 12 of the Complaint, upon information and

belief, Laikin admits that Jimirro is the Chairman of the National Lampoon board of directors, has served as a member of the board of directors since about 1986, and served as President and CEO of National Lampoon from about 1990 until about January 28, 2005. Except as expressly admitted, Laikin is without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph.

13. Answering paragraph 13 of the Complaint, upon information and belief, Laikin admits that Murray has been a member of National Lampoon's board of directors since about October 11, 2006, and served as National Lampoon's Vice President of Marketing from about August 1986 through January 2003. Except as expressly admitted, Laikin is without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph.

14. Answering paragraph 14 of the Complaint, upon information and belief, Laikin admits that Toll has been a member of National Lampoon's board of directors since about September 18, 2006, and ceased being the CFO of National Lampoon on or about April 18, 2005. Except as expressly admitted, Laikin is without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph.

15. Answering paragraph 15 of the Complaint, upon information and belief, Laikin admits that Evanoff served as CFO of National Lampoon from about September 2007 through the end of the purported Class Period and was Vice President of Finance and Chief Account Officer of National Lampoon from about April 2005 through about March 2006. Except as expressly admitted, Laikin is without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph.

16. Answering paragraph 16 of the Complaint, Laikin admit that Plaintiff purports to refer collectively to Laikin, Durham, Skjodt, Levy, Jimirro, Murray, Toll and Evanoff as the "Individual Defendants." Except as expressly admitted,

1    Laikin denies all allegations in paragraph 16.

2         17.    Answering paragraph 17 of the Complaint, Laikin is without
3    knowledge or information sufficient to form a belief as to the truth of the
4    allegations in that paragraph.  Laikin further denies the allegations to the extent
5    they contain legal conclusions, to which no response is required.

6         18.    Answering paragraph 18 of the Complaint, Laikin denies all
7    allegations in paragraph 18, and further denies the allegations to the extent they
8    contain legal conclusions, to which no response is required.

9         19.    Answering paragraph 19 of the Complaint, Laikin denies all
10   allegations in paragraph 19, and further denies the allegations to the extent they
11   contain legal conclusions, to which no response is required.

12        20.    Answering paragraph 20 of the Complaint, Laikin states that the
13   Indictment and Information speak for themselves, and Laikin denies the
14   allegations regarding the contents of the Indictment and Information to the extent
15   the allegations are inconsistent with the documents.  Laikin is without knowledge
16   or information sufficient to form a belief as to the truth of the remaining
17   allegations in that paragraph, and further denies the allegations to the extent they
18   contain legal conclusions, to which no response is required.

19        21.    Answering paragraph 21 of the Complaint, Laikin states that the SEC
20   Complaint speaks for itself, and Laikin denies the allegations regarding the
21   contents of the SEC Complaint to the extent the allegations are inconsistent with
22   the document.  Laikin is without knowledge or information sufficient to form a
23   belief as to the truth of the remaining allegations in that paragraph.

24        22.    Answering paragraph 22 of the Complaint, Laikin states that the
25   Indictment, Information and SEC Complaint speak for themselves, and Laikin
26   denies the allegations regarding the contents of those documents to the extent the
27   allegations are inconsistent with the documents.  Laikin is without knowledge or
28   information sufficient to form a belief as to the truth of the remaining allegations

1   in that paragraph.

2        23.   Answering paragraph 23 of the Complaint, Laikin states that the

3   Indictment, Information and SEC Complaint speak for themselves, and Laikin

4   denies the allegations regarding the contents of those documents to the extent the

5   allegations are inconsistent with the documents.  Laikin is without knowledge or

6   information sufficient to form a belief as to the truth of the remaining allegations

7   in that paragraph.

8        24.   Answering paragraph 24 of the Complaint, Laikin states that the

9   Indictment, Information, SEC Complaint, and plea agreement speak for

10  themselves, and Laikin denies the allegations regarding the contents of those

11  documents to the extent the allegations are inconsistent with the documents.

12  Laikin is without knowledge or information sufficient to form a belief as to the

13  truth of the remaining allegations in that paragraph.

14       25.   Answering paragraph 25 of the Complaint, Laikin states that the

15  Indictment, Information and SEC Complaint speak for themselves, and Laikin

16  denies the allegations regarding the contents of those documents to the extent the

17  allegations are inconsistent with the documents.  Laikin is without knowledge or

18  information sufficient to form a belief as to the truth of the remaining allegations

19  in that paragraph.

20       26.   Answering paragraph 26 of the Complaint, Laikin states that the

21  Indictment, Information, SEC Complaint, 2008 Annual Report and written

22  communications between National Lampoon and AMEX speak for themselves,

23  and Laikin denies the allegations regarding the contents of those documents to the

24  extent the allegations are inconsistent with the documents.  Laikin is without

25  knowledge or information sufficient to form a belief as to the truth of the

26  remaining allegations in that paragraph.

27       27.   Answering paragraph 27 of the Complaint, Laikin states that the

28  Indictment, Information and SEC Complaint speak for themselves, and Laikin

1   denies the allegations regarding the contents of those documents to the extent the

2   allegations are inconsistent with the documents.  Laikin is without knowledge or

3   information sufficient to form a belief as to the truth of the remaining allegations

4   in that paragraph.

5   28.  Answering paragraph 28 of the Complaint, Laikin states that the

6   alleged press release and purported unspecified news reports speak for themselves,

7   and Laikin denies the allegations regarding the contents of those documents to the

8   extent the allegations are inconsistent with the documents.  Laikin is without

9   knowledge or information sufficient to form a belief as to the truth of the

10  remaining allegations in that paragraph.

11  29.  Answering paragraph 29 of the Complaint, upon information and

12  belief, Laikin admits that Laikin resigned as National Lampoon's CEO and

13  President effective December 17, 2008.  Except as expressly admitted, Laikin is

14  without knowledge or information sufficient to form a belief as to the truth of the

15  allegations in paragraph 29, and denies all allegations in paragraph 29 on that

16  basis.

17  30.  Answering paragraph 30 of the Complaint, Laikin states that the

18  Guilty Plea Agreement speaks for itself, and Laikin denies the allegations

19  regarding the contents of the Guilty Plea Agreement to the extent the allegations

20  are inconsistent the Guilty Plea Agreement.  Laikin is without knowledge or

21  information sufficient to form a belief as to the truth of the remaining allegations

22  in paragraph 30, and denies all allegations in paragraph 30 on that basis.

23  31.  Answering paragraph 31 of the Complaint, Laikin states that the

24  unspecified "announcements" speak for themselves, and Laikin denies the

25  allegations regarding the contents of those documents to the extent the allegations

26  are inconsistent with the documents.  Laikin is without knowledge or information

27  sufficient to form a belief as to the truth of the remaining allegations in that

28  paragraph.

32.     Answering paragraph 32 of the Complaint, Laikin is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, and denies all allegations in paragraph 32 on that basis.

33.     Answering paragraph 33 of the Complaint, Laikin states that the alleged 2008 Annual Report and January 8, 2009 press release speak for themselves, and Laikin denies the allegations regarding the contents of those documents to the extent the allegations are inconsistent with the documents. Laikin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations paragraph 33, and further denies the allegations to the extent they contain legal conclusions, to which no response is required.

34.     Answering paragraph 34 of the Complaint, Laikin is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35.     Answering paragraph 35 of the Complaint, Laikin states that the alleged October 30, 2008 press release issued by Envit speaks for itself, and Laikin denies the allegations regarding the contents of the press release to the extent the allegations are inconsistent with the press release.  Laikin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35.

36.     Answering paragraph 36 of the Complaint, Laikin states that the alleged December 16, 2008 press release issued by Envit speaks for itself, and Laikin denies the allegations regarding the contents of the press release to the extent the allegations are inconsistent with the press release.  Laikin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36.

37.     Answering paragraph 37 of the Complaint, Laikin is without knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 37, and denies all allegations in paragraph 37 on that basis.

38.   Answering paragraph 38 of the Complaint, Laikin is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

39.   Answering paragraph 39 of the Complaint, Laikin is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39, and denies all allegations in paragraph 39 on that basis.

40.   Answering paragraph 40 of the Complaint, Laikin states that the unspecified "announcements" by the U.S. Attorney and the SEC speak for themselves, and Laikin denies the allegations regarding those "announcements" to the extent the allegations are inconsistent with the "announcements."   Laikin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 40.

41.   Answering paragraph 41 of the Complaint, Laikin is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41, and denies all allegations in paragraph 41 on that basis.

42.   Answering paragraph 42 of the Complaint, Laikin is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42, and denies all allegations in paragraph 42 on that basis.

43.   Answering paragraph 43 of the Complaint, Laikin states that the Guilty Plea Agreement speaks for itself, and Laikin denies the allegations regarding the contents of the Guilty Plea Agreement to the extent the allegations are inconsistent with the Guilty Plea Agreement. Laikin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations

paragraph 43, and further denies the allegations to the extent they contain legal conclusions, to which no response is required.

44. Answering paragraph 44 of the Complaint, Laikin is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44.

45. Answering paragraph 45 of the Complaint, Laikin is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45.

46. Answering paragraph 46 of the Complaint, Laikin is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46.

47. Answering paragraph 47 of the Complaint, Laikin states that the purported 8K filed by CLST speaks for itself, and Laikin denies the allegations regarding the filing to the extent the allegations are inconsistent with the filing. Laikin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 47.

48. Answering paragraph 48 of the Complaint, Laikin states that the purported 8K filed by CLST speaks for itself, and Laikin denies the allegations regarding the filing to the extent the allegations are inconsistent with the filing. Laikin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 48.

49. Answering paragraph 49 of the Complaint, Laikin is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49.

50. Answering paragraph 50 of the Complaint, Laikin states that the purported December 23, 2009 article speaks for itself, and Laikin denies the allegations regarding the article to the extent the allegations are inconsistent with the article. Laikin is without knowledge or information sufficient to form a belief

1    as to the truth of the remaining allegations in paragraph 50.

2        51.    Answering paragraph 51 of the Complaint, Laikin states that the
3    purported December 23, 2009 article speaks for itself, and Laikin denies the
4    allegations regarding the article to the extent the allegations are inconsistent with
5    the article.  Laikin is without knowledge or information sufficient to form a belief
6    as to the truth of the remaining allegations in paragraph 51.

7        52.    Answering paragraph 52 of the Complaint, Laikin states that the
8    purported 8K filed by CLST on June 29, 2010 speaks for itself, and Laikin denies
9    the allegations regarding the filing to the extent the allegations are inconsistent
10   with the filing.  Laikin is without knowledge or information sufficient to form a
11   belief as to the truth of the remaining allegations in paragraph 52.

12       53.    Answering paragraph 53 of the Complaint, Laikin states that the
13   purported February 8, 2010 article speaks for itself, and Laikin denies the
14   allegations regarding the article to the extent the allegations are inconsistent with
15   the article.  Laikin is without knowledge or information sufficient to form a belief
16   as to the truth of the remaining allegations in paragraph 53.

17       54.    Answering paragraph 54 of the Complaint, Laikin states that the
18   purported August 3, 2010 article speaks for itself, and Laikin denies the
19   allegations regarding the article to the extent the allegations are inconsistent with
20   the article.  Laikin is without knowledge or information sufficient to form a belief
21   as to the truth of the remaining allegations in paragraph 54.

22       55.    Answering paragraph 55 of the Complaint, Laikin states that the SEC
23   Complaint speaks for itself, and Laikin denies the allegations regarding the SEC
24   Complaint to the extent the allegations are inconsistent with the filing.  Laikin is
25   without knowledge or information sufficient to form a belief as to the truth of the
26   remaining allegations in paragraph 55, and denies all allegations in paragraph 55
27   on that basis.

28       56.    Answering paragraph 56 of the Complaint, Laikin states that the SEC

D. LAIKIN  ANSWER TO COMPLAINT
CASE NO. CV10 -09292-PA-AGR

1    Complaint speaks for itself, and Laikin denies the allegations regarding the SEC
2    Complaint to the extent the allegations are inconsistent with the filing. Laikin
3    denies all remaining allegations in paragraph 55.

4         57.   Answering paragraph 57 of the Complaint, Laikin denies all
5    allegations in paragraph 57.

6         58.   Answering paragraph 58 of the Complaint, Laikin denies all
7    allegations in paragraph 58, and further denies the allegations to the extent they
8    contain legal conclusions, to which no response is required.

9         59.   Answering paragraph 59 of the Complaint, Laikin denies all
10   allegations in paragraph 59, and further denies the allegations to the extent they
11   contain legal conclusions, to which no response is required.

12        60.   Answering paragraph 60 of the Complaint, Laikin denies all
13   allegations in paragraph 60, and further denies the allegations to the extent they
14   contain legal conclusions, to which no response is required.

15        61.   Answering paragraph 61 of the Complaint, Laikin denies all
16   allegations in paragraph 61, and further denies the allegations to the extent they
17   contain legal conclusions, to which no response is required.

18        62.   Answering paragraph 62 of the Complaint, Laikin admits that
19   plaintiff purports to bring this action as a class action pursuant to Federal Rule of
20   Civil Procedure 23(a) and (b)(3) on behalf a of a purported class. Except as
21   expressly admitted, Laikin is without knowledge or information sufficient to form
22   a belief as to the truth of the allegations in paragraph 62.

23        63.   Answering paragraph 63 of the Complaint, Laikin states that the
24   Annual Report filed with the SEC o February 29, 2008 speaks for itself, and
25   Laikin denies the allegations regarding the Annual Report to the extent the
26   allegations are inconsistent with the Annual Report. Except as expressly admitted,
27   Laikin is without knowledge or information sufficient to form a belief as to the
28   truth of the allegations in paragraph 63, and further denies the allegations to the

extent they contain legal conclusions, to which no response is required.

64.    Answering paragraph 64 of the Complaint, Laikin denies all allegations in paragraph 64, and further denies the allegations to the extent they contain legal conclusions, to which no response is required.

65.    Answering paragraph 65 of the Complaint, Laikin denies all allegations in paragraph 65, and further denies the allegations to the extent they contain legal conclusions, to which no response is required.

66.    Answering paragraph 66 of the Complaint, Laikin denies all allegations in paragraph 66, and further denies the allegations to the extent they contain legal conclusions, to which no response is required.

67.    Answering paragraph 67 of the Complaint, Laikin denies all allegations in paragraph 67, and further denies the allegations to the extent they contain legal conclusions, to which no response is required.

68.    Answering paragraph 68 of the Complaint, Laikin repeats and realleges each and every of his responses to Paragraph 1-67 of the Complaint as if fully set forth herein.

69.    Answering paragraph 69 of the Complaint, Laikin states that, insofar as paragraph 69 of the Complaint sets forth any allegations requiring a response, Laikin denies them.

70.    Answering paragraph 70 of the Complaint, Laikin denies all allegations in paragraph 70.

71.    Answering paragraph 71 of the Complaint, Laikin is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71.

72.    Answering paragraph 72 of the Complaint, Laikin denies all allegations in paragraph 72.

73.    Answering paragraph 73 of the Complaint, Laikin denies all allegations in paragraph 73, and further denies the allegations to the extent they

contain legal conclusions, to which no response is required.

74.    Answering paragraph 74 of the Complaint, Laikin denies all allegations in paragraph 74.

75.    Answering paragraph 75 of the Complaint, Laikin is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75, and denies all allegations in paragraph 75 on that basis.

76.    Answering paragraph 76 of the Complaint, Laikin is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76, and denies all allegations in paragraph 76 on that basis.

77.    Answering paragraph 77 of the Complaint, Laikin denies all allegations in paragraph 77, and further denies the allegations to the extent they contain legal conclusions, to which no response is required.

78.    Answering paragraph 78 of the Complaint, Laikin denies all allegations in paragraph 77, and further denies the allegations to the extent they contain legal conclusions, to which no response is required.

79.    Answering paragraph 79 of the Complaint, Laikin is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79, and further denies the allegations to the extent they contain legal conclusions, to which no response is required.

80.    Answering paragraph 80 of the Complaint, Laikin repeats and realleges each and every of his responses to Paragraph 1-79 of the Complaint as if fully set forth herein.

81.    Answering paragraph 81 of the Complaint, Laikin states that, insofar as paragraph 81 of the Complaint sets forth any allegations requiring a response, Laikin denies them.

82.    Answering paragraph 82 of the Complaint, Laikin denies all

allegations in paragraph 82 insofar as they relate to Laikin and otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 82, and denies all allegations in paragraph 82 on that basis.

83.   Answering paragraph 83 of the Complaint, Laikin denies all allegations in paragraph 83 insofar as they relate to Laikin and otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 83, and denies all allegations in paragraph 83 on that basis.

84.   Answering paragraph 84 of the Complaint, Laikin denies all allegations in paragraph 84.

85.   Answering paragraph 85 of the Complaint, Laikin denies all allegations in paragraph 85.

86.   Answering paragraph 86 of the Complaint, Laikin denies all allegations in paragraph 86 insofar as they relate to Laikin and otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 86, and denies all allegations in paragraph 86 on that basis.

87.   Answering paragraph 87 of the Complaint, Laikin denies all allegations in paragraph 87.

88.   Answering paragraph 88 of the Complaint, Laikin denies all allegations in paragraph 77, and further denies the allegations to the extent they contain legal conclusions, to which no response is required.

89.   Answering paragraph 89 of the Complaint, Laikin is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89, and further denies the allegations to the extent they contain legal conclusions, to which no response is required

90.   Answering paragraph 90 of the Complaint, Laikin repeats and

realleges each and every of his responses to Paragraph 1-89 of the Complaint as if fully set forth herein.

91. Answering paragraph 91 of the Complaint, Laikin is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91, and denies all allegations in paragraph 91 on that basis.

92. Answering paragraph 92 of the Complaint, Laikin is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92, and denies all allegations in paragraph 91 on that basis.

93. Answering paragraph 93 of the Complaint, Laikin is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93, and denies all allegations in paragraph 93 on that basis.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that Laikin bears any burden of proof, Laikin asserts the following affirmative defenses. Laikin intends to rely upon any additional defenses that become available or apparent during pretrial proceedings in this action and hereby reserves the right to amend this Answer in order to assert all such further defenses.

### First Affirmative Defense

The Complaint fails to state a claim against Laikin upon which relief may be granted.

### Second Affirmative Defense

Laikin made no false or misleading statement of material fact and did not omit to state a material fact that was required to be stated.

### Third Affirmative Defense

Plaintiff is not entitled to any recovery from Laikin because at all relevant times Laikin acted diligently and reasonably and had a good faith belief in the truthfulness of each of the matters alleged in the Complaint to be inaccurate and further believed that there was no failure to state a material fact alleged in the Complaint to be omitted.

### Fourth Affirmative Defense

Plaintiff is not entitled to any recovery against Laikin because plaintiff did not exercise reasonable care to discover the facts relating to the alleged misstatements or omissions.

### Fifth Affirmative Defense

Some or all of the members of the purported class did not rely on the statements or omissions alleged in the Complaint to have been false or misleading.

### Sixth Affirmative Defense

Even if the misrepresentations and omissions alleged in the Complaint were made, which Laikin denies, Laikin did not know, and in the exercise of reasonable care could not have known, of any such misrepresentations or omissions.

### Seventh Affirmative Defense

Plaintiff and members of the plaintiff class would have purchased National Lampoon stock even with full knowledge of the facts that they allege were misrepresented or omitted.

### Eighth Affirmative Defense

Even if the misrepresentations and omissions alleged in the Complaint were made, which Laikin denies, Laikin at all times reasonably and in good faith relied upon the work, opinions, information, representations, and advice of others upon whom Laikin was entitled to rely.

/ / /

/ / /

### Ninth Affirmative Defense

Any allegedly untrue statement of material fact, omission of material fact, misleading statement, or other allegedly actionable conduct attributed to Laikin (all of which Laikin denies) were made wholly without scienter.

### Tenth Affirmative Defense

The actual facts which plaintiff alleges were misrepresented or omitted in fact were known to and entered the securities market.

### Eleventh Affirmative Defense

Any allegedly untrue statement of material fact, omission of material fact, misleading statement, or other allegedly actionable conduct attributed to Laikin (all of which Laikin denies) was not material to the investment decisions of a reasonable investor.

### Twelfth Affirmative Defense

Factors other than the alleged misrepresentations and omissions by Laikin influenced the price of National Lampoon securities when the members of the purported class acquired National Lampoon securities, and those factors or similar factors caused any alleged decline in the price of National Lampoon securities.

### Thirteenth Affirmative Defense

No act or omission attributed to Laikin in the Complaint was the actual or proximate cause of injury suffered by any member of the purported class, and no act or omission attributed to Laikin caused the loss for which plaintiff seeks to recover damages.

### Fourteenth Affirmative Defense

Laikin acted at all times in good faith and did not directly or indirectly induce any act or acts alleged to constitute a violation of law or to give rise to a cause of action.

/ / /

/ / /

### Fifteenth Affirmative Defense

When the members of the purported class acquired shares of National Lampoon, some or all of them had actual or constructive knowledge of the facts alleged in the Complaint to have been concealed or misrepresented by defendants. These persons or entities therefore assumed the risk of any alleged loss they incurred as a result of acquiring National Lampoon securities.

### Sixteenth Affirmative Defense

Laikin is not liable for any damages suffered by members of the purported class because the negligent, reckless, or willful acts of others constituted independent, intervening, and superseding causes, relieving Laikin of any liability.

### Seventeenth Affirmative Defense

Some or all of the members of the purported class would be unjustly enriched if they were permitted to obtain any recovery in this action.

### Eighteenth Affirmative Defense

The members of the purported class have failed to mitigate any damage they may have suffered.

### Nineteenth Affirmative Defense

The matters alleged to be the subject of misrepresentations and omissions were publicly disclosed or were in the public domain and were therefore disclosed to the members of the purported class and the securities market.

### Twentieth Affirmative Defense

Any recovery for damages allegedly incurred by plaintiff or other members of the purported class is subject to offset in the amount of any tax benefits they received through their investment in National Lampoon securities.

### Twenty-first Affirmative Defense

Any recovery for damages allegedly occurred by members of the purported class is limited to the percentage of National Lampoon responsibility in proportion to the total fault of all persons, whether or not named as parties to this action, who

D. LAIKIN  ANSWER TO COMPLAINT
CASE NO. CV10 -09292-PA-AGR

caused or contributed to the alleged damages suffered by the purported class, to the extent that the securities laws require damages to be assessed according to proportionate liability.

### Twenty-second Affirmative Defense

The losses, if any, of the purported class are speculative or uncertain and therefore not compensable.

### Twenty-third Affirmative Defense

Plaintiff lacks standing to bring some or all of the causes of action asserted in the Complaint.

### Twenty-fourth Affirmative Defense

The Complaint fails to plead fraud against Laikin with the specificity required by Fed. R. Civ. P. 9(b).

### Twenty-fifth Affirmative Defense

The named plaintiff does not meet, *inter alia*, the adequacy and/or typicality requirements of Fed. R. Civ. P. 23.

### Twenty-sixth Affirmative Defense

The claims asserted in the Complaint are barred in whole or in part by the applicable statute(s) of limitation.

### Twenty-seventh Affirmative Defense

The claims asserted in the Complaint are barred in whole or in part by the doctrines of laches, waiver, ratification, and unclean hands.

WHEREFORE, Laikin prays that this Court enter judgment as follows:

1. That Plaintiff and the purported Plaintiff class take nothing from Laikin by the Complaint;

2. For costs and court hearing fees;

3. For attorneys' fees;

4. For judgment in favor of Laikin; and

D. LAIKIN  ANSWER TO COMPLAINT
CASE NO. CV10 -09292-PA-AGR

5. For such other and further relief as this Court deems just and proper.

Dated: August 15, 2011         **BOREN, OSHER & LUFTMAN, LLP**

By: /s/ Jeremy J. Osher
JEREMY J. OSHER
Attorneys for Defendant
DANIEL S. LAIKIN

- 21 -